OCT 15 2010

ENDORSED

2010 SEP -3 A 4: 03

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By:_____ Deputy Clerk

1  Luan K. Phan, Esq. (Calif. State Bar No. 185985)
   THE PHAN LAW GROUP
2  A Professional Law Corporation
   6601 Center Drive West, Suite 500
3  Los Angeles, CA 90045
   Phone: (310) 348-8121
4  Fax: (310) 943-2126
   lphan@lkplaw.com
5
   Attorneys for Plaintiffs MILA Enterprises, Inc., Mila-PPP, LLC,
6  Lim Family Living Trust, Lim-PPF, LLC, Trust of Vincent and Linda Fong,
   Fong ECS Associates, LLC, Low Family Trust, Low-GC, LLC,
7  Lam Living Trust, Lam-Eastridge, LLC, Fontaine & Truman Corporation,
   Buffalo Family Trust, Chang Trust, J & M Chiang 1994 Trust,
8  Frederick R. Chilton Jr. Revocable Trust, Steven J. Cohen Trust,
   2005 Khalsa Family Trust, Lathiya Living Trust,
9  Vraj Lathiya and Sonal Lathiya Family Trust, Lee Family Trust,
   Sakai-Edmiston Family Trust, Sanghvi Family Survivors Trust, Wang Trust,
10 Visionary Global Investments, Inc., Robert Allen, Rajon Doshi,
   Robert Eng and Susan Eng, Anita Fong, Linda Fong, Stephanie Fong,
11 Anand Gokel, Kanti Gopal, Syed Husain, Robert Jansen, Wing Lam,
   Kanye Lim, Jerry Lee and Angela Lee, Vibha Patel, Asli Prush, Devang Savani,
12 Manubhai Savani, Soren Tirfing and Gladys Low, Zelpha Williams-Connelly

13

14                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

                       COUNTY OF SANTA CLARA

15 MILA ENTERPRISES, INC., a California          Case No.:
   corporation; MILA-PPP, LLC, a Delaware
16 limited liability company; LIM FAMILY              110CV181696
   LIVING TRUST, a California trust; LIM-PPF,
17 LLC, a Delaware limited liability company;    COMPLAINT FOR RELIEF
   TRUST OF VINCENT AND LINDA FONG, a
18 California trust; FONG ECS ASSOCIATES,
   LLC, a Delaware limited liability company;
19 LOW FAMILY TRUST, a California trust;
   LOW-GC, LLC, a Delaware limited liability
20 company; LAM LIVING TRUST, a California
   trust; LAM-EASTRIDGE, LLC, a Delaware
21 limited liability company; FONTAINE &
   TRUMAN CORPORATION, a California
22 corporation; BUFFALO FAMILY TRUST, a          [Jury Trial Demanded]
   California trust; CHANG TRUST, a California
23 trust; J & M CHIANG 1994 TRUST, a
   California trust; FREDERICK R. CHILTON
24 JR. REVOCABLE TRUST, a California trust;
   STEVEN J. COHEN TRUST, a California trust;
25 2005 KHALSA FAMILY TRUST, a California
   trust; LATHIYA LIVING TRUST, a California
26 trust; VRAJ LATHIYA AND SONAL
   LATHIYA FAMILY TRUST, a California trust;
27 LEE FAMILY TRUST, a California trust;
   SAKAI-EDMISTON FAMILY TRUST, a
28 California trust; SANGHVI FAMILY

                                    1
                      COMPLAINT FOR RELIEF

```
 1  SURVIVORS TRUST, a California trust,          )
    WONG TRUST, a California trust;               )
 2  VISIONARY GLOBAL INVESTMENTS,                 )
    INC., a Nevada corporation; ROBERT ALLEN,     )
 3  an individual; RAJEN DOSHI, an individual,    )
    ROBERT ENG and SUSAN ENG, individuals         )
 4  as joint tenants; ANITA FONG, an individual;  )
    LINDA FONG, an individual; STEPHANIE          )
 5  FONG, an individual; ANAND GOKEL, an          )
    individual; KANTI GOPAL, an individual;       )
 6  SYED HUSAIN, an individual; ROBERT            )
    JENSEN, an individual; JERRY LEE and          )
 7  ANGELA LEE, individuals as joint tenants;     )
    WING LAM, an individual; KANYE LIM, an        )
 8  individual; VIBHA PATEL, an individual;       )
    ASIT PRUTHI, an individual; DEVANG            )
 9  SAVANI, an individual; MANUBHAI               )
    SAVANI, an individual; SOREN TIRFING, an      )
10  individual and as a joint tenant, GLADYS      )
    LOW, an individual as a joint tenant; ZELPHA  )
11  WILLIAMS-CONNELLY, an individual,             )
                                                  )
12                    Plaintiffs,                 )
                                                  )
    v.                                            )
13                                                )
    SCANLANKEMPERBARD COMPANIES,                  )
14  LLC; an Oregon limited liability company;     )
    ROBERT D. SCANLAN, an individual; N.          )
15  THOMSON BARD, JR., an individual; TODD        )
    M. GOODING, an individual, PETER STOTT,       )
16  an individual; and DOES 1 through 50,         )
    inclusive,                                    )
17                                                )
                      Defendants.                 )
18
19      Plaintiffs hereby complaint and allege as follows:

20                        **PARTIES**

21      1.      Plaintiff MILA ENTERPRISES, INC. ("MILA ENT.") is a corporation duly organized

22  and existing under the laws of the State of California, with its principal place of business in the State

23  of California, County of Santa Clara.  At all relevant times herein, MILA was an investor in one or

24  more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its

25  affiliates.  MILA ENT. is the sole member of plaintiff MILA-PPP, LLC, a Delaware limited liability

26  company formed for the purposes of certain of MILA ENT.'s investment(s) with

27  SCANLANKEMPERBARD COMPANIES, LLC.

28
```

1      2.     Plaintiff LIM FAMILY LIVING TRUST ("LIM TRUST") is a California trust dated

2  November 1, 1983.  At all relevant times herein, LIM TRUST was an investor in one or more

3  investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

4  LIM -TRUST is the sole member of plaintiff LIM-PPP, LLC, a Delaware limited liability formed for

5  the purposes of certain of LIM TRUST's investment(s) with SCANLANKEMPERBARD

6  COMPANIES, LLC.

7      3.     Plaintiff TRUST OF VINCENT AND LINDA FONG ("FONG TRUST") is a

8  California trust dated July 27, 1996.  At all relevant times herein, FONG TRUST was an investor in

9  one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and

10  its affiliates.  FONG TRUST is the sole member of plaintiff FONG LCS ASSOCIATES, LLC

11  "FONG LCS"), a Delaware limited liability company formed for the purposes of certain of FONG

12  TRUST's investment(s) with SCANLANKEMPERBARD COMPANIES, LLC.

13      4.     Plaintiff LOW FAMILY TRUST ("LOW TRUST") is a California trust dated

14  November 29, 1999.  At all relevant times herein, LOW TRUST was an investor in one or more

15  investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

16  LOW TRUST is the sole member of plaintiff LOW-GC, LLC ("LOW-GC"), a Delaware limited

17  liability company formed for the purposes of certain of LOW TRUST's investment(s) with

18  SCANLANKEMPERBARD COMPANIES, LLC.

19      5.     Plaintiff LAM LIVING TRUST ("LAM TRUST") is a California trust dated July 8,

20  1996.  At all relevant times herein, LAM TRUST was an investor in one or more investments offered

21  by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.  LAM TRUST is the

22  sole member of plaintiff LAM-EASTRIDGE, LLC ("LAM-EASTRIDE"), a Delaware limited

23  liability company formed for the purposes of certain of LAM TRUST's investment(s) with

24  SCANLANKEMPERBARD COMPANIES, LLC.

25      6.     Plaintiff FONTAINE & TRUMAN CORPORATION ("F&T CORP.") is a corporation

26  duly organized and existing under the laws of the State of California, with its principal place of

27  business in the State of California.  At all relevant times herein, F&T CORP was an investor in one or

28

1   more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its

2   affiliates.

3           7.      Plaintiff BUFFALO FAMILY TRUST ("BUFFALO TRUST") is a California trust

4   dated March 1996.  At all relevant times herein, BUFFALO TRUST was an investor in one or more

5   investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

6           8.      Plaintiff CHANG TRUST ("CHANG TRUST") is a California trust dated September

7   30, 1999.  At all relevant times herein, CHANG TRUST was an investor in one or more investments

8   offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

9           9.      Plaintiff J & M CHIANG 1994 TRUST ("CHIANG TRUST") is a California trust

10  dated 1994.  At all relevant times herein, CHIANG TRUST was an investor in one or more

11  investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

12          10.     Plaintiff FREDERICK R. CHILTON JR. REVOCABLE TRUST ("CHILTON

13  TRUST") is a California trust.  At all relevant times herein, CHILTON TRUST was an investor or

14  successor-in-interest in one or more investments offered by defendant SCANLANKEMPERBARD

15  COMPANIES, LLC and its affiliates.

16          11.     Plaintiff STEVEN J. COHEN TRUST ("COHEN TRUST") is California trust dated

17  November 2, 1994.  At all relevant times herein, COHEN TRUST was an investor in one or more

18  investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

19          12.     Plaintiff 2005 KHALSA FAMILY TRUST ("KHALSA TRUST") is a California trust

20  dated October 26, 1999.  At all relevant times herein, KHALSA TRUST was an investor in one or

21  more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its

22  affiliates.

23          13.     Plaintiff LATHIYA LIVING TRUST ("A. LATHIYA TRUST") is a California trust

24  dated December 9, 2004.  At all relevant times herein, A. LATHIYA TRUST was an investor in one

25  or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its

26  affiliates.

27          14.     Plaintiff VRAJ LATHIYA AND SONAL LATHIYA FAMILY TRUST ("V.

28  LATHIYA TRUST") is a California trust dated October 22, 1992.  At all relevant times herein, V.

4
COMPLAINT FOR RELIEF

1   ATHIYA TRUST was an investor in one or more investments offered by defendant

2   SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

3        15.    Plaintiff LEE LIVING TRUST ("LEE TRUST") is a California trust dated October 26,

4   1999. At all relevant times herein, LEE TRUST was an investor in one or more investments offered

5   by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

6        16.    Plaintiff SAKAI-EDMISTON FAMILY TRUST ("SAKAI-EDMISTON TRUST") is a

7   California trust dated January 7, 1993.  At all relevant times herein, SAKAI-EDMISTON TRUST

8   was an investor in one or more investments offered by defendant SCANLANKEMPERBARD

9   COMPANIES, LLC and its affiliates.

10        17.    Plaintiff SANGHVI FAMILY SURVIVORS TRUST ("SANGHVI TRUST") is a

11   California trust dated September 2002.  At all relevant times herein, SANGHVI TRUST was an

12   investor in one or more investments offered by defendant SCANLANKEMPERBARD

13   COMPANIES, LLC and its affiliates.

14        18.    Plaintiff WONG TRUST ("WONG TRUST") is a California trust dated December 9,

15   2003. At all relevant times herein, WONG TRUST was an investor in one or more investments

16   offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

17        19.    Plaintiff VISIONARY GLOBAL INVESTMENTS, INC. ("VGI") is a corporation

18   duly organized and existing under the laws of the State of Nevada.  At all relevant times herein, VGI,

19   as successor-in-interest to the Samaniego Trust dated December 8, 1998, was an investor in one or

20   more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its

21   affiliates.

22        20.    Plaintiff ROBERT ALLEN ("ALLEN") is an individual residing in the State of

23   California, County of Calaveras.  At all relevant times herein, ALLEN was an investor in one or more

24   investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

25        21.    Plaintiff RAJEN DOSHI ("DOSHI") is an individual residing in the State of Missouri.

26   At all relevant times herein, DOSHI was an investor in one or more investments offered by defendant

27   SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

28

22.     Plaintiffs ROBERT ENG and SUSAN ENG ("the ENGs") are individuals residing in the State of Nevada.  At all relevant times herein, the ENGS, as joint tenants, were investors in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

23.     Plaintiff ANITA FONG ("A. FONG") is an individual residing in the State of California, County of Alameda.  At all relevant times herein, A. FONG was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

24.     Plaintiff LINDA FONG ("L. FONG") is an individual residing in the State of California, County of Santa Clara.  At all relevant times herein, L. FONG was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

25.     Plaintiff STEPHANIE FONG ("S. FONG") is an individual residing in the State of California, County of San Diego.  At all relevant times herein, S. FONG was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

26.     Plaintiff ANAND GOKEL ("A. GOKEL") is an individual residing in the State of California, County of Santa Clara.  At all relevant times herein, A. GOKEL was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

27.     Plaintiff KANTI GOPAL ("GOPAL") is an individual residing in the State of California, County of Santa Clara.  At all relevant times herein, GOPAL was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

28.     Plaintiff SAYED HUSAIN ("HUSAIN") is an individual residing in the State of California, County of Alameda.  At all relevant times herein, HUSAIN was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

29.     Plaintiff ROBERT JENSEN ("JENSEN") is an individual residing in the State of California, County of Calaveras. At all relevant times herein, JENSEN was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

30.     Plaintiffs JERRY LEE and ANGELA LEE ("the LEEs") are individuals residing in the State of California, County of Alameda. At all relevant times herein, the LEEs, as joint tenants, were investors in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

31.     Plaintiff WING LAM ("LAM") is an individual residing in the State of California, County of Contra Costa. At all relevant times herein, LAM was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

32.     Plaintiff KANYE LIM ("LIM") is an individual residing in the State of California, County of Santa Clara. LIM is the duly appointed trustee and authorized representative of the LIM TRUST. At all relevant times herein, LIM was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

33.     Plaintiff ASIT PRUTHI ("PRUTHI") is an individual residing in the State of California, County of Monterey. At all relevant times herein, PRUTHI was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

34.     Plaintiff VIBHA PATEL ("PATEL") is an individual residing in the State of California, County of San Mateo. At all relevant times herein, PATEL was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

35.     Plaintiff DEVANG SAVANI ("D. SAVANI") is an individual residing in the State of California, County of Orange. At all relevant times herein, ALLEN was an investor in one or more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

36.     Plaintiff MANUBHAI SAVANI ("M. SAVANI") is an individual residing in the State of California, County of Orange. At all relevant times herein, SAVANI was an investor in one or

1 | more investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its

2 | affiliates.

3 |     37.    Plaintiff SOREN TIRFING ("TIRFING") and GLADYS LOW ("LOW") are

4 | individuals residing in the State of California, County of Santa Clara. At all relevant times herein,

5 | TIRFING, individually, and TIRFING and LOW, as joint tenants, were investors in one or more

6 | investments offered by defendant SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

7 |     38.    Plaintiff ZELPHA WILLIAMS-CONNELLY ("WILLIAMS-CONNELLY") is an

8 | individual residing in the State of California, County of Sacramento. At all relevant times herein, -

9 | WILLIAMS was an investor in one or more investments offered by defendant

10 | SCANLANKEMPERBARD COMPANIES, LLC and its affiliates.

11 |     39.    Plaintiffs are informed and believe and thereon allege that Defendant

12 | SCANLANKEMPERBARD COMPANIES, LLC ("SKB") is an Oregon limited liability company,

13 | which conducts business in the State of California, including the County of Santa Clara.

14 |     40.    Plaintiffs are informed and believe and thereon allege that Defendant ROBERT D.

15 | SCANLAN ("SCANLAN") is an individual and resident of the State of Oregon. At all relevant

16 | times, SCANLAN was the Executive Vice President, Chief Compliance Officer, and Principal of

17 | SKB.

18 |     41.    Defendant N. THOMSON BARD, JR. ("BARD") is an individual and resident of the

19 | State of Oregon. At all relevant times, BARD was an Executive Vice President, Chief Compliance

20 | Officer, and Principal of SKB.

21 |     42.    Plaintiffs are informed and believe and thereon allege that Defendant TODD M.

22 | GOODING ("GOODING") is an individual and resident of the State of Oregon. At all relevant times,

23 | GOODING was the President, Chief Investment Officer, and Principal of SKB.

24 |     43.    Plaintiffs are informed and believe and thereon allege that Defendant PETER STOTT

25 | ("STOTT") is an individual and resident of the State of Oregon. At all relevant times, STOTT was an

26 | officer and Principal of SKB.

27 |     44.    Plaintiffs are unaware of the true names and capacities of Defendants named herein as

28 | DOES 1 through 250, inclusive, whether individual, corporate, association or otherwise and therefore

1   sue these Defendants by their fictitious names. Plaintiffs are informed and believe and thereon allege

2   that each of the DOE Defendants sued herein are legally responsible and liable for the acts, omissions,

3   injuries, and damages alleged in this Complaint and each of these Defendants legally and proximately

4   caused the injuries and damages herein alleged by reason of the negligent, careless, willful or wanton

5   conduct herein alleged, or by reason or direct or imputed negligence or vicarious fault or breach of

6   duty arising from the matters alleged herein. Plaintiffs will amend this Complaint to identify the

7   names and capacities of the DOE Defendants when this information is ascertained.

8        45.     Plaintiffs are informed and believe and thereon allege that at all relevant times, certain

9   Defendants, including DOE Defendants, were the agents and/or employees of certain Defendants and

10  in doing the acts complained of in this Complaint, acted within the course and scope of this agency

11  and/or employment.

12       46.     Plaintiffs are informed and believe and thereon allege that certain Defendants,

13  including DOE Defendants, authorized and ratified the acts and omissions alleged herein.

14                              **FACTUAL BACKGROUND**

15       47.     Plaintiffs are informed and believe and thereon allege that Defendant SKB is a real

16  estate investment firm based in Portland, Oregon, which is in the business of acquiring and managing

17  real estate and related assets in the western United States, including California.

18       48.     Between April 2006 through the present, in reliance upon statements and materials

19  offered by Defendants directly and through its agents, Plaintiffs collectively invested in excess of $16

20  million in various SKB investments including: SKB Qualified Fund I, L.P., Pacific Park Plaza,

21  Albertson's Portfolio, Trolley Square, Cherry Creek, Syracuse Hill, San Francisco Gift Center,

22  EastRidge Business Park, Eastmont Town Center, 1660 Lincoln, Medical Office Building Portfolio,

23  East Bay Office Portfolio, SeaTac Airport Property, Mountain Business Park and 945 Bryant.

24       49.     In furtherance of their investments with SKB after April 2006, each of the Plaintiffs

25  executed various agreements with SKB and other entities, such as a Subscription Agreement and/or

26  Co-Tenancy Agreement and other documents confirming their investment ("Investment

27  Agreements").

28

50.     Among other things, Defendants sold Plaintiffs on the honesty and trustworthiness of SKB as a fiduciary to look out for its investors and to place its investors' interest above SKB's own.

51.     Unbeknownst to Plaintiffs, the statements and information provided by Defendants were not true and accurate in that, among other things, Defendants withheld and concealed material information from the Plaintiffs concerning the investments in order to make the investments appear more attractive than they actually were and to induce Plaintiffs to invest over $16,000,000 with SKB.

52.     Plaintiffs are informed and believe and thereon allege that from at least April 2006 to the present, Defendants engaged in a pattern and practice of fraudulent concealment of material facts from investors to induce investors to entrust them with their monies.

53.     By way of example only, Plaintiffs are informed and believe and thereon allege that Defendants withheld and concealed information about SKB's fraudulent business practices in general by telling investors only half truths about SKB's operations and investment opportunities.

54.     Plaintiffs are informed and believe and thereon allege that Defendants also withheld and concealed the fact that they themselves were concerned that the represented internal rate of return for the investments were inflated.

55.     Plaintiffs are informed and believe and thereon allege that Defendants also withheld and concealed the fact that they had concerns about the markets tightening at the same time they touted strong markets for the investments.

56.     Plaintiff had no reason to suspect that Defendants had engaged in the wrongful behavior alleged herein, and only learned of these facts within two years of the filing of this action. Had Plaintiffs known the full truth about Defendants' concealment, Plaintiffs would never have entrusted their monies to Defendants.

### FIRST CAUSE OF ACTION

### (Rescission -- Against Defendant SKB)

57.     Plaintiffs incorporate by reference paragraphs 1 through 56 of this Complaint, inclusive, as if fully set forth herein.

1     58.   Plaintiffs are informed and believe and thereon allege that at the time Defendants their

2 false representations and statements, and engaged in the fraudulent concealment, Defendants either

3 knew that the statements were false or recklessly or negligently disregarded the truth.

4     59.   Defendants made these representations and statements and failed to disclose material,

5 factual information that should have been disclosed to induce Plaintiffs to rely on the false

6 representations and statements.

7     60.   Defendants' misrepresentations and fraudulent concealment were material to the

8 decision by Plaintiffs to enter into the Investment Agreements and invest with SKB because if

9 Defendants had completely and truthfully disclosed the true facts, Plaintiffs would not have invested

10 and entered into the Investment Agreements.

11     61.   Plaintiffs reasonably and justifiably relied on Defendants' representations and the

12 incomplete and/or false information that was provided by Defendants.

13     62.   Because of Defendants' material misrepresentations and fraudulent concealment, the

14 Investments Agreements are void and of no force or effect.

15     63.   Based on the facts set forth herein, Plaintiffs hereby seek rescission of the Investment

16 Agreements. This Complaint shall serve as notice of rescission of the Investment Agreements.

17     64.   Plaintiffs will, and hereby offer to, restore all consideration furnished under the

18 Investments Agreements on the condition that all consideration provided by Plaintiffs under the

19 Investment Agreements be returned to them and that the Investment Agreements be declared null and

20 void. Plaintiffs stand ready, willing, and able to tender all consideration received under the

21 Investment Agreements.

22 **SECOND CAUSE OF ACTION**

23 (Fraudulent Concealment – Against All Defendants)

24     65.   Plaintiffs incorporate by reference paragraphs 1 through 56 of this Complaint,

25 inclusive, as if fully set forth herein.

26     66.   Plaintiffs are informed and believe and thereon allege that from at least April 2006 to

27 the present, Defendants engaged in a pattern and practice of fraudulent concealment of material facts

28 from investors to induce investors to entrust them with their monies.

11
COMPLAINT FOR RELIEF

1      67.     Plaintiffs are informed and believe and thereon allege that Defendants withheld and

2   concealed the information with intention that Plaintiffs rely on them to decide to invest their funds

3   with SKB.

4      68.     Plaintiffs are informed and believe and thereon allege that Defendants knew that the

5   representations were false in view of the withheld or concealed information, or recklessly or

6   negligently disregarded the truth.

7      69.     Plaintiffs reasonably relied on the representations of Defendants as made, and this

8   reliance proximately caused harm to Plaintiffs.  Plaintiffs are entitled to an award of damages against

9   these Defendants for the proximate harm and/or substantial cause of the harm to Plaintiffs, including

10  compensatory and consequential damages.

11     70.     In engaging in the course of conduct as alleged herein, Defendants are also guilty of

12  malice, oppression and/or fraud, entitling Plaintiffs to an award of punitive damages.

13                          **THIRD CAUSE OF ACTION**

14                  **(Breach of Fiduciary Duty – Against All Defendants)**

15     71.     Plaintiffs incorporate by reference paragraphs 1 through 56 and 65 through 70 of this

16  Complaint, inclusive, as if fully set forth herein.

17     72.     Defendants owed a fiduciary duty to Plaintiffs individually and on behalf of SKB, as

18  officers and managers of SKB in control of its day-to-day affairs, to, among other things, protect

19  Plaintiffs' investment and advance their interests.  Such fiduciary duties also included a duty to

20  disclose all material facts and pertinent information to Plaintiffs.  Defendants also owed Plaintiffs a

21  fiduciary duty to protect the interests of Plaintiffs and not to put their own interests above those of

22  Plaintiffs.

23     73.     Defendants breached their fiduciary duty to Plaintiffs by, among other things, failing to

24  disclose all materials facts to Plaintiffs, including but not limited to the fact that SKB was engaged in

25  a pattern and practice of fraudulent concealment of material facts with respect to its business

26  operations and investments; that Defendants themselves were concerned that the represented internal

27  rate of return for the investments were inflated; and that Defendants themselves had concerns about

28  the economic markets tightening at the same time they touted strong markets for the investments.

74.     By doing the things alleged herein, Defendants betrayed the interests of Plaintiffs and put their own interests above those of the Plaintiffs.

75.     The breach of duty by Defendants was the proximate harm and/or substantial cause of the harm to Plaintiffs.  Plaintiffs are entitled to an award of damages against the Defendants for the proximate harm and/or substantial cause of the harm to Plaintiffs.

## FOURTH CAUSE OF ACTION

### (Aiding and Abetting Breach of Fiduciary Duty – Against All Defendants)

76.     Plaintiffs incorporate by reference paragraphs 1 through 56 and 65 through 75 of this Complaint, inclusive, as if fully set forth herein.

77.     Defendants breached fiduciary duties to Plaintiffs as set forth above.  Additionally, each and every Defendant knowingly participated in and substantially assisted the breach of fiduciary duty by the other Defendants, as set forth above.  Each of the individual defendants, for example, knowingly participated and substantially assisted in the breaches of fiduciary duty by SKB and each of the other individual defendants, as set forth above.

78.     As a direct and proximate result of the foregoing, Plaintiffs suffered substantial damage.  Plaintiffs are entitled to an award of damages against the Defendants for the proximate harm and/or substantial cause of the harm to Plaintiffs.

## FIFTH CAUSE OF ACTION

### (Negligence – Against All Defendants)

79.     Plaintiffs incorporate by reference paragraphs 1 through 56 of this Complaint, inclusive, as if fully set forth herein.

80.     Defendants owed a duty of care to Plaintiffs to, among other things, to protect Plaintiffs' investment and advance their interests, and to disclose all material facts and pertinent information to Plaintiffs.

81.     Defendants breached their duty of care owed to Plaintiffs by, among other things, failing to disclose all materials facts to Plaintiffs, including but not limited to the fact that there were significant problems with other SKB investments; that Defendants themselves were concerned that the represented internal rate of return for the investments were inflated; and that Defendants

1  themselves had concerns about the economic markets tightening at the same time they touted strong

2  markets for the investments.

3      82.    The breach of duty by Defendants was the proximate harm and/or substantial cause of

4  the harm to Plaintiffs. Plaintiffs are entitled to an award of damages against the Defendants for the

5  proximate harm and/or substantial cause of the harm to Plaintiffs.

6  **SIXTH CAUSE OF ACTION**

7  **(Negligent Misrepresentation/Concealment – Against All Defendants)**

8      83.    Plaintiffs incorporate by reference paragraphs 1 through 56 and 79 through 82 of this

9  Complaint, inclusive, as if fully set forth herein.

10      84.    Plaintiffs are informed and believe and thereon allege that from at least April 2006 to

11  the present, Defendants negligently concealed material facts from investors concerning their

12  investments with SKB, as alleged above.

13      85.    Plaintiffs are informed and believe and thereon allege that Defendants knew or should

14  have known that the facts were material to Plaintiffs and that the representations were false in view of

15  the withheld or concealed information.

16      86.    Plaintiffs reasonably relied on the representations of Defendants as made, and this

17  reliance proximately caused harm to Plaintiffs. Plaintiffs are entitled to an award of damages against

18  these Defendants for the proximate harm and/or substantial cause of the harm to Plaintiffs, including

19  compensatory and consequential damages.

20  **PRAYER**

21      WHEREFORE, Plaintiffs pray for judgment as follows:

22      1.    For an order that the Investment Agreements never took effect or came into existence

23  and are void and of no force and effect, and are rescinded as of the date of their inception;

24      2.    For an order that the Defendants restore to Plaintiffs all consideration provided under

25  the Agreements;

26      3.    For an award of damages for the harm proximately caused by Defendants'

27  wrongdoing;

28      4.    For an award of punitive damages;

5.  For costs of suit herein;

6.  For recovery of attorneys' fees as permitted under the law;

7.  For such further and other relief as the Court may deem just, proper, and equitable.

Dated:  September 3, 2010

THE PHAN LAW GROUP
A Professional Law Corporation


By: _____

Luan K. Phan
Attorneys for Plaintiffs

1

### DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand a trial by jury of all claims and issues triable by a jury.

3  Dated:  September 3, 2010                    THE PHAN LAW GROUP
                                               A Professional Law Corporation
4

5

6                                         By:
7                                              Luan K. Phan
                                               Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28